# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4217 | **DATE** | 6/17/2013 |
| **CASE TITLE** | Shawn D. Tribbett (2013-0112005), et al. v. Cook County Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT**

This complaint has been filed by three Plaintiffs. Plaintiff Shawn D. Tribbett's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $4.61 from Plaintiff Tribbett's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 Plaintiffs Chapman Nelson and Corbit Simon must either file an *i.f.p.* application on the proper form with the information required by Section 1915(a)(2) or pay the full filing fee by July 19, 2013, if they intend to remain a Plaintiff in this action. Summonses shall not issue. Plaintiffs' complaint is dismissed without prejudice for failure to state a claim. Plaintiffs are given leave to file an amended complaint by July 19 2013. The Clerk is directed to send Plaintiffs Nelson and Simon an *i.f.p.* application. The Clerk is directed to send each Plaintiff a copy of this order and an amended complaint form with instructions. Plaintiffs' failure to submit an amended complaint will result in dismissal of this case. Any Co-Plaintiff may, if he wishes, advise the court that he wishes to "opt out" of this lawsuit.

■[For further details see text below.]        Docketing to mail notices.

# STATEMENT

A complaint, identifying three Plaintiffs, has been received by the Court. One of the Plaintiffs has filed a motion for leave to proceed *in forma pauperis* (*i.f.p*). Plaintiff Tribbett's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.61. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    The remaining two Plaintiffs failed to submit a motion for leave to proceed *i.f.p.* or to pay the required filing fee (they only submitted a copy of their trust fund account). All persons filing complaints in this court, even if more than one person files a case, must file an *i.f.p.* application or pay the full filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (each co-plaintiff is obligated to pay a full, separate statutory filing fee). The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from each Plaintiff's trust fund account. Thereafter, correctional authorities having custody of each Plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid for each litigant.

| STATEMENT |
|---|

To enable the Court to make the necessary assessment of the filing fee, Plaintiffs Nelson and Simon must submit the required *i.f.p.* application or pay the full $400 filing fee if they intend to remain a Plaintiff in this action.

Furthermore, the complaint on file fails to state a claim. Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff's allege that they were not allowed "physical usage" of a law library from January 28, 2013, through May 13, 2013. They further allege that during that time, they were "unable to fight criminal cases adequately." The grievance attached to the complaint indicates that Plaintiff Tribbett is represented by a public defender.

A prisoner has a right to adequate, effective, meaningful access to the courts. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996). Plaintiffs allege that they are being deprived physical access to the law library. However, they do not allege how this interfered in any manner with their right to adequate, effective, meaningful access to the courts in relation to a non-frivolous legal claim. *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (to avoid dismissal of a denial to access to the court claim the plaintiff "had to allege that he had a non-frivolous legal claim that was frustrated or impeded . . . and that he was harmed" by the defendant's action or lack of action); *Antonelli*, 81 F.3d at 1430 (affirming dismissal of claim that his right to access the court was violated because plaintiff failed to plead any detriment to his access to the courts). Furthermore, the only specific allegation relating to a court claim is that Plaintiff Tribbett was unable to adequately assist his public defender (within Plaintiff Tribbett's grievance). An inmate represented by counsel in a court claim does not state a cognizable claim for denial of access to courts in light of that representation. *See Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1998); *Kunzelman v. Thompson*, 799 F.2d 1172, 1178-80 (7th Cir. 1986); *Moore v. Monahan*, 06 C 6088, 2008 WL 111299 at *6 (N.D. Ill. January 10, 2008) (St. Eve, J.). Based on the above, the present complaint does not state a claim as to any Plaintiff.

Plaintiff are cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the Plaintiffs want the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. In addition, each Plaintiff must sign the amended complaint.

Lastly, pursuant to *Boriboune, supra*, 391 F.3d at 856, Plaintiffs are alerted to the risks under Fed. R. Civ. P. Rule 11 (sanctions for frivolous pleadings) and 28 U.S.C. § 1915(g) (the "strike-out" statute). Each litigant is accountable for his co-plaintiffs' claims; therefore, if one plaintiff is assessed a strike, any co-plaintiff will be assessed a strike as well. *Id.* Complaints about prison-wide practices do not require more than one plaintiff; furthermore, complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and § 1915(g) without a corresponding reduction in the filing fee. *Id.* Therefore, each Co-Plaintiff may, if he wishes, advise the court that he wishes to "opt out" of this lawsuit. *Id.*

In summary, Plaintiffs Chapman Nelson and Corbit Simon must either file an *i.f.p.* application on the proper form with the information required by Section 1915(a)(2) or pay the full filing fee. The complaint is dismissed without prejudice for failure to state a claim. Plaintiffs are given leave to file an amended complaint. Plaintiffs' failure to submit an amended complaint will result in dismissal of this case. Any Co-Plaintiff may, if he wishes, advise the court that he wishes to "opt out" of this lawsuit.